# In the United States Court of Federal Claims

| | |
|---|---|
| KAYHAN SPACE CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 25-cv-104 <br><br> Filed Under Seal: June 27, 2025[1] <br><br> Publication Date: July 11, 2025 |

### ORDER

On April 30, 2025, the Court conducted an Oral Argument on the parties' cross-motions regarding access to the classified administrative record, and on May 29, 2025, the Clerk of Court filed a sealed transcript of the oral argument. ECF No. 34 (Transcript). Plaintiff Kayhan Space Corp. timely filed a Notice of Intent to Redact the Transcript, ECF No. 36, and filed a Proposed Redacted Transcript on June 27, 2025, ECF No. 39 (Proposed Redacted Transcript).

Plaintiff's Proposed Redacted Transcript contains proposed redactions that are at odds with the strong presumption of public access to judicial proceedings and records. *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356–57 (Fed. Cir. 2011). Indeed, while this Court has discretion to determine whether to restrict public access to court documents, that discretion "is circumscribed by the presumption that the public shall have access to those records absent a compelling justification for sealing." *Miller-Holzwarth, Inc. v. United States*, 44 Fed. Cl. 153, 154 (1999) (quoting *Pratt & Whitney Canada Inc. v. United States*, 14 Cl. Ct. 268, 274 (1988)).

---

[1] On June 27, 2025, this Court issued this Order under seal. ECF No. 40. On July 11, 2025, the parties filed a Notice attaching jointly proposed redactions to the Order, which proposed non-substantive redactions. ECF No. 44. Accordingly, the sealed and public versions of this Order are substantively identical, except for the publication date and this footnote.

Specifically, the Court questions the following types of redactions:

- Discussion of the framework for access determinations that redacts "the question of eligibility and an adequate national security disclosure agreement." Proposed Redacted Tr. at 6:4–5. This framework is, however, publicly available. *See, e.g.*, Executive Order 13,526, 75 Fed. Reg. 707, 720 (Jan 5, 2010).

- Discussions of publicly available case law and pin cites to briefing and cases. *See, e.g.*, Proposed Redacted Tr. at 7:12–14, 7:20–23, 9:10, 12:6–9, 23:2, 29:10–14, 45:24.

- Inconsistent redactions of words such as "TS document," "intelligence," "report[s]" and "eligibility" despite similar language appearing elsewhere in the Transcript. *See, e.g., id.* at 9:10, 11:16, 12:13–14, 17:21, 18:8, 23:23–24, 33:2, 42:13.

This is not an exhaustive list, but rather illustrates the types of redactions that this Court does not find acceptable absent a "compelling justification" or "substantial reasons" that its proposed redactions overcome the strong presumption of public access. *Torres Advanced Enter. Sols., LLC v. United States*, 135 Fed. Cl. 1, 4 (2017); *cf. Miller-Holzwarth*, 44 Fed. Cl. at 154 (citing *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986)) ("A trial court must set forth substantial reasons for denying access to its records.").

Accordingly, by Thursday July 3, 2025, Plaintiff shall file either (i) a revised proposed redacted Transcript that cures the above deficiencies or (ii) a Motion to Seal providing a "compelling justification" or "substantial reasons" that the redactions contained in the Proposed Redacted Transcript should not be publicly accessible. The parties are further directed to **CONFER** and **FILE** a Notice by July 11, 2025, attaching a proposed public version of this Sealed Order, with any protected information redacted.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

2